

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW MASON, )
)
    Plaintiff, )
)
)
v. ) Case No. 04 C 7148
)
UNITED FOOD AND COMMERCIAL ) HONORABLE CHARLES R. NORGLE
WORKERS INTERNATIONAL UNIONS, )
)
    Defendant. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant's Motion for Partial Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56(f). For the following reasons, Defendant's Motion for Partial Summary Judgment is granted.

**I. BACKGROUND[1]**

**A. Facts**

This case arises out of Plaintiff Andrew Mason's employment termination from Defendant United Food and Commercial Workers International Unions ("United Food"). United Food is a union and employer, with over 500 employees nationwide. United Food is comprised of various regional offices throughout the country; at the time the events in this suit occurred, the Region 6 office was located in Schaumburg, Illinois. According to Bette Mercer ("Mercer"), the

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1

director of Human Resources, United Food employed less than 50 employees at the Region 6 office any time relevant to this lawsuit. Additionally, Mercer stated that there are no other regional offices within a 75 mile radius of the Region 6 office. Andrew Mason ("Mason") worked at United Food from June 27, 1990 to May 24, 2004. While employed at United Food, Mason worked as an international organizer at the company's Region 6 office in Schaumburg. His job required him to travel to various locations in the country. However, his home office was located in Region 6.

Beginning on November 21, 2003 and lasting through May 24, 2004, Mason took disability leave from United Food, due to emergency medical treatment for chest and leg pains. According to Mason, he was on extended leave from November 21, 2003 through March 24, 2004. On March 29, United Food suspended Mason without pay for alleged misconduct that occurred in November 2003. Then, on May 24, 2004, United Food terminated Mason's employment.

On June 17, 2004, Mason filed an EEOC charge against United Food alleging discrimination based on race, age, and disability. The next day, June 18, the EEOC issued Mason a right to sue letter, sending it by certified mail to his home address. The Postal Service attempted unsuccessfully to deliver the right to sue letter to Mason on June 19 and 24, 2004. Finally, on July 4, 2004, the Postal Service returned the letter to the EEOC. Then, on October 13, 2004, Mason filed a second EEOC charge, alleging that United Food discriminated against him on the basis of disability and for retaliation.

**B. Procedural History**

On November 4, 2004, Mason filed his initial Complaint, alleging violations of the

Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), retaliatory discharge under both statutes, and United Food's interference with Mason's ERISA funds. Mason filed an Amended Complaint on April 26, 2005, a Second Amended Complaint on June 20, 2005, and filed a Motion for Leave to file a Third Amended Complaint on October 28, 2005. Then, on August 12, 2005, United Food filed it's Motion for Partial Summary Judgment, on Mason's ADA and FMLA claims. Mason filed his Response on October 28, 2005, and United Food Replied on November 14, 2005. United Food's Motion for Partial Summary Judgment is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment

is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

**B. Mason's ADA Claims are untimely**

*1. The ADA*

Under the substantive law, the ADA forbids employers to discriminate against any "qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a); see Buie v. Quad/Graphics, Inc., 366 F.3d 496, 503 (7th Cir. 2004). The term "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); see also Byrne v. Avon Products, Inc., 328

4

F.3d 379, 380 (7th Cir. 2003). The plaintiff bears the burden of proof on the issue of whether he is a "qualified individual" under the ADA. See E.E.O.C. v. Yellow Freight System, Inc., 253 F.3d 943, 948 (7th Cir. 2001); Nowak v. St. Rita High Sch., 142 F.3d 999, 1003 (7th Cir. 1998); see also Arbaugh v. Y&H Corp., - - S.Ct. - -, 2006 WL 397863, *8 (U.S. Feb. 22, 2006).

In order to state a claim under the ADA, a plaintiff must first exhaust all administrative remedies. This includes filing a complaint with the EEOC or equivalent state agency. See 42 U.S.C. § 12117(a). Once a plaintiff receives a right to sue letter, that plaintiff has ninety days to file suit. § 2000e-5; see Dandy v. United Parcel Service, Inc., 388 F.3d 263, 270 (7th Cir. 2004); Velasco v. Illinois Dept. of Human Resources, 246 F.3d 1010, 1018 (7th Cir. 2001) ("A plaintiff must file an action for race discrimination within ninety days of receiving a right to sue letter"). If a plaintiff fails to initiate a suit within ninety days, any such action is time-barred. See Peters v. Renaissance Hotel Operation Co., 307 F.3d 535, 551 (7th Cir. 2002); § 2000e-5(f)(1).

### 2. *Mason's ADA Claims*

Counts I and II of the Complaint allege that United Food discriminated against Mason based on his disability, in violation of the ADA, and that United Food "terminat[ed] Mason's employment in retaliation for Plaintiff filing a claim for Extended Sick Leave . . . ." Third Am. Compl., ¶ 22. Specifically, Mason alleges that he was on extended leave for "emergency medical treatment for chest and leg pains" Id, ¶¶ 9, 11, and that United Food's practices were done intentionally and with malice or reckless indifference to Mason's federally protected rights. Id, ¶ 20.

The EEOC issued Mason his right to sue letter on June 18, 2005. The Post Office attempted to deliver the letter on June 19, 2004 and again on June 24. However, Mason was not

home at the times the Post Office tried to deliver the letter. After each failed attempt, the Post Office left a notice at Mason's house that he had a certified letter. Finally, on July 4, 2004, the Post Office returned the right to sue letter to the EEOC.

In most situations, "the statutory 90-day filing period commences when the plaintiff receives *actual notice* of her right to sue." Bobbitt v. Freeman Companies, 268 F.3d 535, 538 (7th Cir. 2001) (citing Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999)). However, the actual notice rule does not apply when "when the claimant does not receive the notice in a timely fashion due to her own fault . . . ." Id. (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)). In such a situation, as in this case, the "90-day clock starts running once delivery is attempted and at the last address provided." Reschny v. Elk Grove Plating Co., 414 F.3d 821, 823 (7th Cir. 2005); see Alverno College, 744 F.2d at 1316. Therefore, under Reschny, the court finds that Mason had ninety days from June 18, 2004 to file a complaint. Because Mason ultimately filed his Complaint on November 4, 2004, five months after he received his right to sue letter, the ADA claims are untimely. See Velasco, 246 F.3d at 1018. Assuming, arguendo, that Mason had 90 days to file from July 4, 2004, when the Post Office returned the right to sue letter to the EEOC, he would still have eclipsed the 90-day rule by 30 days.

Furthermore, Mason's second EEOC charge is also time-barred, because it is a mere recantation of his first charge. Here, the "second notice is. . . based upon a charge involving exactly the same facts as the first Notice." Soso Liang Lo v. Pan American World Airways, 787 F.2d 827, 828 (2d Cir. 1986). Therefore, in deciding whether the second EEOC charge is time barred, that issue "must be determined with reference to only the first Notice of Right to Sue."

6

Id. As a result, because Mason's second EEOC claim in October 2004 is the same as his June 2004 charge, this charge is also time-barred.

Moreover, Mason has submitted no evidence to create a genuine issue of material fact as to whether he was at fault for his failure to receive the EEOC's right to sue letter. His mere assertion that "he never received the Notice of Right to Sue" is insufficient to create a genuine issue of material fact. "The law presumes timely delivery of a properly addressed piece of mail." Bobbitt, 268 F.3d at 538 (citing McPartlin v. Commissioner, 653 F.2d 1185, 1191 (7th Cir. 1981)). Mason may rely on the fault of the EEOC for his supposed failure to receive his letter if the "fortuitous circumstances or events [are] beyond his control." Alverno College, 744 F.2d at 1316; see Bobbitt, 268 F.3d at 538. However, the facts in the record establish that Mason is solely at fault for failure to receive the right to sue letter, and is ultimately responsible for his failure to comply with the ninety-day rule. As a result, his ADA claims are untimely, and summary judgment is proper as to United Food on Counts I and II of the Complaint.

**C. Mason's FMLA claims are not covered by the statute**

*1. The FMLA*

The FMLA states in part, "an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12-month period for one or more of the following:. . . because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612 (a)(1)(D). Moreover, the Act only covers specific employees. "The term eligible employee does not include. . . any employee of an employer. . . which employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611 (2)(B)(ii). Put

another way, the FMLA applies to an "eligible employee," one who works a requisite number of hours, and employers that employ fifty or more people and engage in interstate commerce. Stoops v. One Call Communications, Inc., 141 F.3d 309, 312 (7th Cir. 1998). In order for Mason to state a cause of action under the FMLA, he must therefore initially establish that United Food employed at least 50 people within 75 miles of his office. See Thomas v. Pearle Vision, Inc., 251 F.3d 1132, 1136 (2001) (because defendant employed less than 50 employees within 75 miles of store where plaintiff worked, plaintiff was not eligible employee as defined by the statute).

### 2. *The Work Site and Payroll Methods*

Under the "work site rule," "separate buildings or areas which are not directly connected or in immediate proximity are a single work site if they are in reasonable geographic proximity. . . ." 29 C.F.R. § 825.111(a)(1). Additionally, for employees who travel to various work sites, the "work site is the site which they are assigned as their home base, from which their work is assigned, or to which they report." § 825.111(a)(2).

Furthermore, under the payroll method, the "test to determine when an employer 'has' an employee is whether the employer has an employment relationship with the individual on the day in question." Walters v. Metro. Educ. Enterprises, Inc., et al., 519 U.S. 202, 206 (1997). This test is "generally called the 'payroll method,' because the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Id; see Nedzvekas v. LTV Copperweld, 356 F.Supp.2d 904, 908-09. Lastly, "the Department of Labor has likewise adopted the payroll method under the Family and Medical Leave Act of 1993." Walters, 519 U.S. at 207.

### 3. Supporting Affidavits in Summary Judgment Motions

In addition, FED. R. CIV. P. 56(e) states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Affidavits offered "in support of or opposition to summary judgment create an issue of fact only to the extent that they provide evidence that would be admissible if offered live on the witness stand." Watson v. Lithonia Lighting and Nat'l Service Industries, Inc., 304 F.3d 749, 751-52 (7th Cir. 2002).

Furthermore, "self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are 'without factual support in the record.'" Buie v. Quad/Graphics, Inc., 366 F.3d 496, 503 (7th Cir. 2004) (quoting Albiero v. City of Kankakee, 246 F.3d 927 (7th Cir. 2001)). However, a self-serving affidavit supported by facts in the record can create a genuine issue of material fact. Payne v. Pauley, 337 F.3d 767, 773 (7th Cir. 2003). The record "may include the affidavit itself, providing that the affidavit meets the usual requirements for evidence on summary judgment– including the requirement that it be based on personal knowledge." Id. The trial judge has broad discretion to disregard an affidavit on summary judgment. See Corder v. Lucent Technologies, Inc., 162 F.3d 924, 927 (7th Cir. 1998).

### 4. Mason's FMLA Claims

While United Food granted Mason FMLA leave from November 24, 2003 through December 3, 2003, Mason alleges that he was denied further leave for a "serious health condition." Third Am. Compl., ¶¶ 39, 41. Additionally, Mason claims that United Food terminated his employment "in retaliation for filing a claim for disability benefits. . . ." Id, ¶ 47.

Mason worked at United Food's Region 6 office, in Schaumburg, Illinois. Mercer was the director Human Resources, and therefore had personal knowledge of the number of employees stationed at that office. See Payne, 337 F.3d at 773. According to Mercer, "at no time during the period relevant to Mr. Mason's claims in this lawsuit . . . did [United Food] employ 50 or more individuals in the Region 6 office." Def.'s Stmt. of Mat. Facts, Ex. A. Mercer further states that "there is no other [United Food] office located within 75 miles of the Region 6 office. . . . ." Id. Therefore, based on Mercer's own personal knowledge of the number of employees at the Region 6 office, and her knowledge of the location of the other regional offices, Mason is not an eligible employee for purposes of the FMLA. See Thomas, 251 F.3d at 1136; Nedzvekas, 356 F.Supp.2d at 909. As a result, Mason cannot proceed on the substantive merits of his FMLA claims.

To counter United Food's motion, Mason alleges that because he "regularly traveled throughout the United States and reported to and worked out of various regional offices" he was some how an 'eligible employee' for purposes of the FMLA. Third Am. Compl., ¶¶ 32, 33. To further support this claim, Mason states that he received his payroll checks, tax forms, and memoranda concerning United Food's policies and procedures from the Washington, D.C. office, which employed over fifty individuals.

However, the court finds Mason's argument unpersuasive. The Department of Labor's guidelines specifically address those employees that travel in the regular course of their employment. For such employees, their work site is " the site which they are assigned as their home base, from which their work is assigned, or to which they report." 29 C.F.R. § 825.111(a)(2). Mason admits that the Region 6 office was his home base, and that he was

10

assigned to United Food's Region 6 office in Schaumburg. See Pl.'s Resp. to Def.'s Stmt. of Mat. Facts, ¶¶ 3, 5.

Additionally, the fact that Mason traveled to other United Food regional offices does not mesh each of these offices together, in order to satisfy the 50 employee rule. Separate offices or work sites, "which are not directly connected or in immediate proximity are a single work site if they are in reasonable geographic proximity. . . ." § 825.111(a)(1). The Washington D.C. office is quite a distance from the Region 6 office, for consideration as within a "reasonable geographic proximity. See id.

Furthermore, Mason states that he traveled to Wisconsin, Iowa, Tennessee, North Carolina, Texas, Georgia, and Nebraska during his employment with United Foods. However, Wisconsin, Iowa, and Nebraska are a part of United Food's Region 6, and as a result, any job assigned to Mason was necessarily administered out of the Schaumburg office. See Def.'s Reply, Ex. A. Therefore, the evidence shows that while Mason may have traveled to various regional offices, his home base, and usual place of employment was at the Region 6 office, in Schaumburg, Illinois. There is no genuine issue of material fact as to whether 50 or more employees were employed at United Food's Region 6 Office, and Mason may not proceed on the substantive merits of his FMLA claims.

Lastly, neither party submits evidence that addresses the payroll method in order to establish whether United Food employed 50 employees at the Region 6 office. United Food does not raise the issue in their briefs, while Mason's argument that the payroll method should be implemented is undeveloped. See Pl.'s Resp., at 4; see also United States v. Jones, 224 F.2d 621, 626 (7th Cir. 2000) (undeveloped argument and lack of supporting case law speaks to the

paucity of that argument). However, Mason submit no competent evidence in the form of affidavits or corporate business forms support his claim. See Nedzvekas, 356 F.Supp. 2d at 909. The only evidence he relies on is the fact that his paycheck came from United Food's Washington, D.C. office. This alone is insufficient to create a genuine issue of material fact as to whether 50 people were employed at the Region 6 office. As a result, summary judgment is proper as to United Food on Counts III and IV of the Complaint.

### III. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion for Partial Summary Judgment.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 3-7-06